EDGAR FARMER V. STATE OF NEBRASKA.

FILED FEBRUARY 13, 1924.   No. 23356.

Evidence examined, and *held* insufficient to sustain a verdict.

ERROR to the district court for Perkins county: CHARLES E. ELDRED, JUDGE. *Reversed.*

*John V. Beveridge,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., DAY, LETTON and ROSE, JJ., REDICK, District Judge.

REDICK, District Judge.

Plaintiff in error was convicted of having in his possession mash being used in the process of manufacturing intoxicating liquor, and brings the case here for review.

A number of questions are discussed in the briefs which, in view of our conclusion, we do not deem it necessary to consider. The statute under which the complaint was filed declares substantially any person "who shall have in his possession any mash or other material being used in the process of manufacturing intoxicating liquor" shall be punished as provided by law. There were two counts in the information, the first one charging the possession of a still, but only the second count was submitted to the jury, the charging language of which was that the defendant did "have, keep and possess mash used in the process of the manufacture of intoxicating liquor," etc. It will be noticed that the word "being" is omitted before the word "used," and it is contended that for that reason the information fails to state a crime. It would have been better if the charge had been in the language of the statute, but we think there is no sub-

stantial difference between the two expressions, both involving the idea of an unlawful use.

The serious question raised by the defendant is the sufficiency of the evidence to sustain a conviction, and from a careful consideration of the evidence we have concluded that defendant's contention in this regard must be sustained. The evidence for the state simply went to the point that the sheriff found in a cave outside defendant's residence a barrel half full of chopped corn and rye soaking in water which covered the grain to the extent of four or five inches; and it was further shown that he found a five or ten-gallon gasoline can on the back porch which the sheriff called a still, but which had no connections appropriate for such use. The barrel was seized in December, 1921, and no analysis of the contents was made until September, 1922, and in the meantime the barrel was kept in the cellar of the sheriff during the winter where a furnace was in operation, and during the following summer in his attic until it became such a nuisance that, after drawing out a couple of Mason jars of liquor, the remainder was thrown out. It is shown by the evidence that under the circumstances just detailed the alcoholic content of the mash would be very largely increased, the analysis of September showing it to be about 16 per cent. There were no other incriminating articles and no intoxicating liquor of any kind found upon the premises.

The evidence of the defendant was to the effect that he used the chopped feed, termed "mash," for the purpose of feeding chickens, of which he had some 200, and that he used feed of the same character for hogs and turkeys and cattle. His evidence as to such use is corroborated by one or more of his neighbors, who testify that such is the custom among farmers.

We think, in order to sustain a conviction under this statute, it is incumbent upon the state to prove not only the possession of the mash, but that it was being used in the manufacture of intoxicating liquor. The only evidence that it was so used is the presumption arising from its possession

which the statute makes sufficient *prima facie;* but we think the defendant satisfactorily accounted for the possession in this case, and that the evidence produced by him was sufficient to defeat the presumption.   We conclude that the evidence is insufficient to sustain the verdict.   Judgment is reversed.

REVERSED AND REMANDED.